UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shana Vasek,<br><br>    Plaintiff,<br><br>v.<br><br>Parametric Sound Corporation, et al.,<br><br>    Defendants. | Case No.: 2:13-cv-2148-JAD-GWF<br><br>**Order Dismissing Without Prejudice Plaintiff's Complaint Against All Defendants [Doc. 6]** |

Plaintiff Shana Vasek filed this putative stockholders suit against Defendants Parametric Sound Corporation, Kenneth Potashner, Elwood G. Norris, Robert M. Kaplan, Seth Putterman, Andrew Wolfe, James L. Honore, VTB Holdings, and Paris Acquisition Corp., (collectively, "Defendants") on November 20, 2013—at which time Summonses were also issued as to Defendants. Docs. 1, 3. However, there is no indication that any of these Summonses were returned executed, or that proper waiver of service forms have been filed with the Court. On March 24, 2013, the Clerk of Court entered a Notice stating that Vasek's action against Defendants would be dismissed without prejudice under Rule 4(m) unless, on or before April 23, 2014, proof of service was filed with the court or good cause was shown for why service could not be made. Doc. 6. Vasek has not filed any proof of service or explanation for this failure.

1

FRCP 4(m) requires service of the Summons and Complaint to be completed within 120 days, and "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*[1] Rule 4(c) further provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[2] The Ninth Circuit has interpreted Rule 4(m) as requiring a two-step process for granting extensions of the service period.[3] If the Court finds good cause for the service delay, it must extend the time period; however, if no good cause has been demonstrated, it has discretion to either dismiss without prejudice or extend the time period.[4] The Court ascertains "good cause" on a case-by-case basis, the threshold requirement being excusable neglect.[5]

In this case, Vasek has not furnished the Court with any explanation for why she failed to serve Defendants, precluding a good cause finding. Exercising its discretion, the Court dismisses Vasek's action against Defendants without prejudice pursuant to Rule 4(m).

**Conclusion**

**IT IS HEREBY ORDERED** that Vasek's action against Defendants is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. Proc. 4(m).

DATED: April 29, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[1] Fed. R. Civ. Proc. 4(m).

[2] *Id.* at 4(c).

[3] *See in re Sheenan*, 253 F.3d 507, 512 (9th Cir. 2001).

[4] *Id.*

[5] *See id.*; *Robinson v. Churchill Community Hospital*, 2007 WL 496819, at *1 (D. Nev. Feb. 12, 2007).